UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER M. MURPHY,

                          Plaintiff,

                                                                DECISION AND ORDER

                                                                09-CV-6154L

             v.

COUNTY OF CHEMUNG, et al.,

                          Defendants.
_____

## Introduction

Plaintiff Christopher M. Murphy ("Murphy"), filed a petition for bankruptcy in the Bankruptcy Court for the Western District of New York ("Bankruptcy Court") on July 31, 2006, and he received a discharge on August 22, 2007. During its pendency, Murphy initiated an adversarial proceeding in the Bankruptcy Court against defendant Chemung County ("the County") seeking to nullify an *in rem* tax lien foreclosure proceeding on the grounds of improper notice.

On March 5, 2009, Murphy, *pro se*, filed a motion to withdraw the referral of the adversary proceeding from the Bankruptcy Court to this Court, pursuant to 28 U.S.C. §157(d) and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure. (Bankr. Adv. Proc. no. 06-2103, Dkt. #58). Respondent opposes the motion. On April 3, 2009, the motion was referred to this Court for adjudication. (Dkt. #1).

For the reasons set forth below, the plaintiffs' motion to withdraw reference of the adversary proceeding to the Bankruptcy Court (Dkt#1) is denied.

**Facts**

On August 13, 2005, plaintiff transferred certain real property ("the Property") to Wallace Williams ("Williams"). In October 2005, the County commenced an in rem tax foreclosure proceeding against the Property pursuant to Article 11 of the N.Y. Real Property Tax Law. The Property was reconveyed to Murphy by Williams on March 21, 2006, by then encumbered by the County's tax lien.

The complaint in the adversary proceeding asserts two causes of action: initially, Murphy asserts that the in rem tax lien foreclosure initiated by the County was invalid *ab initio*, due to the County's alleged failure to provide proper notice to Murphy, the property owner at the time the list of delinquent taxes was filed, and or Williams, the property owner at the time the in rem tax foreclosure proceeding was commenced, in violation of state law and the Due Process and Equal Protection clauses of the United States Constitution. *See* U.S. Const. Amend. V, XIV; 42 U.S.C. §1983; N.Y. R.P.T.L. §1125.1(a). As and for his second cause of action, Murphy claims that the County's pursuit of the foreclosure violated the automatic stay provisions of 11 U.S.C. §362(a).

**Discussion**

**I.     Motions to Withdraw Reference to the District Court**

Murphy has moved to withdraw the adversary proceeding to this Court from the Bankruptcy Court, on the grounds that it is not a core proceeding.

Pursuant to 28 U.S.C. §157(d), the district court has discretion to withdraw the reference of a case referred to the bankruptcy court "in whole or in part . . . on timely motion of any party, for cause shown." 28 U.S.C. §157(d). In determining whether "cause" has been demonstrated, the court

"should first evaluate whether the claim is core or non-core." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion)*, 4 F.3d 1095, 1101 (2d Cir. 1993). Core matters are those with which the bankruptcy court has superior familiarity and expertise. *Id.*; *In re Bd. of Dirs. Of Telecom Argentina S.A.*, 2005 U.S. Dist. LEXIS 28640 at *6-*7 (S.D.N.Y. 2005).

After making the threshold determination of whether a matter is a core one, the court may then turn to other factors, including "whether the claim or proceeding . . . is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." *Id*. at *7, quoting In re Orion*, 4 F.3d 1095 at 1101.

Section 157(b)(2) provides a non-exhaustive list of core proceeding categories, including: (1) matters concerning the administration of the estate; (2) allowance or disallowance of claims against the estate; and (3) counterclaims by the estate against persons filing claims against the estate. 28 U.S.C. §157(b)(2). Core proceedings are to be afforded a "broad interpretation." *G.M. Crocetti, Inc. v. Trataros Construction, Inc.*, 2008 U.S. Dist. LEXIS 81604 at *6 (S.D.N.Y. 2008), *citing United States Lines, Inc. v. American Steamship Owners Mut. Prot. and Indemnity Assoc., Inc.,* 197 F.3d 631, 637 (2d Cir. 1999).

Murphy argues that withdrawal of the reference is mandatory pursuant to Section 157(d) because this case is a "non-core" proceeding, presenting mixed issues of bankruptcy and non-bankruptcy federal law. *See* 28 U.S.C. §157(d) (a district court "shall . . . withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce").

Although the mandatory withdrawal language of Section 157(d) "is broad, district courts interpret [Section] 157(d) narrowly 'so that it is not utilized as an escape hatch through which most bankruptcy matters could be removed to a district court.'" *Deep v. Recording Indus. Assn. of Am.*, 2005 U.S. Dist. LEXIS 43724 at *5 (N.D.N.Y. 2005), *quoting BOUSA, Inc. v. United States*, 109 B.R. 29, 30 (S.D.N.Y. 1997) and *In re Fischer*, 202 B.R. 341, 353 n.9 (E.D.N.Y. 1996). Thus, while withdrawal is generally mandatory if resolution of a case requires "significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes," a district court may decline withdrawal where the case does not demand "substantial and material" consideration of non-bankruptcy federal statutes. *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991). *See also Singer Co. B.V. v. Groz-Beckert KG*, 2002 U.S. Dist. LEXIS 2629 at *8 (S.D.N.Y. 2002); *McCrory Corp. v. 99 Cents Only Stores*, 160 B.R. 502, 505 (S.D.N.Y. 1993). Differently stated, "the mere fact that the bankruptcy judge is forced to determine issues outside the scope of bankruptcy laws is insufficient to mandate withdrawal until and unless the movant can demonstrate that such issues are one of first impression or that there is a conflict between the [Bankruptcy] Code and non-Code cases." *C-TC 9th Ave. Partnership v. Norton Co.*, 177 B.R. 760, 764 (N.D.N.Y. 1995).

Upon review of Murphy's non-bankruptcy claim, the Court is dubious as to whether it will survive to require consideration of the constitutional rights raised in the complaint. Notably, Murphy has no legal standing to assert "defective notice" claims on Williams' behalf, and when the hearsay allegations relating to Williams are excised from the claim, all that remains is Murphy's assertion that at the time the in rem tax foreclosure proceeding was commenced in October 2005, the County failed to notify him – by then the *former* owner of the subject property by virtue of the quitclaim

deed to Williams – of its pendency. As the former owner, Murphy was without standing to contest the foreclosure proceeding or redeem the property in any event. Pursuant to applicable state law principles, Murphy's improper notice claim is without any apparent merit. *See NYCTL 1996-1 Trust v. King*, 304 A.D.2d 629, 630 (2d Dept. 2003) (former owner of foreclosed property who claims that notice of tax foreclosure was not provided to her is without standing to challenge the foreclosure because prior to raising the defective service issue, she transferred the property to another party by quitclaim deed); *Bancplus Mortgage Corp. v. Galloway*, 203 A.D.2d 222, 223 (2d Dept. 1994) (same). *See also NYCTL 1996-1 Trust v. King*, 13 A.D.3d 429, 430 (2d Dept. 2004) (where former owner of foreclosed property lacked standing to contest the foreclosure judgment, no determination was required as to the merits of the claim of defective service). *See generally* N.Y. R.P.T.L. §1125.1(a) (requiring notice of in rem tax foreclosure to be provided to person listed as the property owner in public records at the time the list of delinquent taxes is filed).

Thus, to the extent that Murphy's "insufficient notice" claim implicates non-bankruptcy federal statutes, that involvement is limited to uncomplicated threshold determinations which require no significant statutory interpretation, and are likely to be dispositive of the entire claim.

Given the broad interpretation of what constitutes a core proceeding, the plaintiff's straightforward assertion of a claim pursuant to Bankruptcy statutes, and the lack of need to extensively consider or interpret federal law in addressing his non-bankruptcy claim, I find that the parties' adversary proceeding is a "core" proceeding.

In any event, I find that considerations of judicial efficiency, uniform administration of the bankruptcy laws, avoidance of delay and unnecessary costs to the parties, and other related factors

militate in favor of the matter remaining with the Bankruptcy Court, which has greater familiarity with the matter's genesis and history. *See In re G.M. Crocetti, Inc.*, 2008 U.S. Dist. LEXIS 81604 at *14.

The fact that Murphy has filed a demand for a jury trial does not affect this conclusion. *See generally* 28 U.S.C. §157(e) (bankruptcy judge may not conduct a jury trial without the express consent of all parties). "While the plaintiff has a right to a jury trial [before a district court], such a right does not compel withdrawing the reference," even in a non-core proceeding, "until the case is ready to proceed to trial." *Formica Corp. v. Riddick*, 2004 U.S. Dist. LEXIS 1492 at *8-*9 (S.D.N.Y. 2004). The determination of whether a reference should be withdrawn depends on case-specific factors, including whether the matter is likely to reach trial and whether it will require significant discovery and oversight. *Id*. Upon review of those factors, I find that judicial economy will best be served by permitting the Bankruptcy Court to manage the case, unless or until it approaches trial-readiness.

## Conclusion

For the foregoing reasons, I find that this is a core proceeding, the management and disposition of which is best left to the Bankruptcy Court for all purposes short of trial. Accordingly, plaintiff's motion to withdraw the reference of this adversary proceeding (Dkt. #1) is denied, with leave to renew immediately prior to trial.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 17, 2009.